# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

May 13, 2021

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

   Re: *Picard v. RAR Entrepreneurial Fund, Ltd.*
      Civil Action No. 1:20-cv-01029 (JMF)

Dear Judge Furman:

  We write on behalf of Defendant, RAR Entrepreneurial Fund, Ltd., in response to the letters from the Trustee and SIPC, both dated May 11, 2021, seeking to stay the trial in this matter, now scheduled for July 19, 2021, pending a decision of the 2d Circuit in the *JABA* case.

  The Trustee and SIPC have failed to disclose to the Court the fact that there may not be a *JABA* appeal at all. The parties have been engaged in extensive negotiations to settle the *JABA* case entirely, with the assistance of a mediator, Judge Allen Hurkin-Torres, formerly of the New York Supreme Court. Although, without this Court's permission, we cannot disclose the substance of those discussions, if the Court will instruct us to provide this information, the Court will understand that the Trustee's argument about the appeal is shockingly misleading.

  In determining whether to stay an action pending appeal, the court usually considers five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. The goal is to avoid prejudice. *See Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) quoting *Volmar Distributors v. New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993). We would like to briefly explain how these factors impact the Trustee's and SIPC's request to stay the *RAR* trial.

  (1) The *Kappel* court assumed that the stay would be sought by the defendant. Here, of course, it is the Trustee who is desperately seeking to avoid a trial.

  (2) As for the private interests and burden on the defendant, RAR embraces the opportunity to prove its case and is ready, willing and able to proceed on July 19, 2021. RAR was sued in 2010 and has been burdened by the Trustee's lawsuit for ten years. In addition, the Trustee has been awarded 4% prejudgment interest in other cases which would increase RAR's exposure by at least $1,024,005 if the trial is delayed for two more years.

**CHAITMAN LLP**

Hon. Jesse M. Furman, U.S.D.J.
May 13, 2021
Page 2

(3)  As for the interests of the courts, the Trustee is pursuing scores of clawback actions which are in various stages – some are trial ready but most of the cases are still in discovery. If RAR prevails at trial, all of the Trustee's clawback cases would be dismissed, thereby relieving the courts of an enormous burden.

(4)  The interests of persons not parties to the civil litigation, which we interpret to include the interests of persons in other lawsuits brought by the Trustee, will of course be substantially advanced if RAR prevails at trial because these other cases will then be dismissed under the doctrine of *res judicata* which will bind the Trustee in all of his clawback actions.

(5)  Certainly, the public interest will be served by an expeditious trial in this case. The Trustee's law firm has every motivation to keep these cases going for the indefinite future. The defendants in these other cases, and of course the courts, are entitled, however, to a prompt determination of whether the funds transferred to RAR belonged to the LLC or to Madoff individually. We believe a jury will find that the transfers to RAR were of funds owned by Madoff and/or his sole proprietorship, Bernard L. Madoff Investment Securities. As a result, all of the Trustee's clawback actions will be dismissed.

Ironically, the Trustee and SIPC argue that a stay will foster judicial efficiency. However, the opposite is true. If we proceed to trial on July 19, 2021, whichever party appeals the court's determination will be able to consolidate the appeal with the *JABA* appeal (assuming there is a *JABA* appeal) so that both cases would be heard by the 2d Circuit at the same time. The alternative presented by the Trustee and SIPC is highly unfair to RAR, because a two-year stay in the trial would accomplish nothing: assuming the *JABA* appeal goes forward (which is unlikely), the 2d Circuit's decision in *JABA* may not resolve this case, it may be non-precedential, and it may be subject to a petition for rehearing *en banc* or a *certiorari* petition. That is neither judicial efficiency nor fairness to RAR. As the Court will see, most of the cases cited by the Trustee and SIPC contemplated a stay of short duration so that prejudice was minimal. And it is absurd in the extreme that the Trustee expresses concern over the "significant expenditures of resources for a trial." As of the Trustee's most recent fee application, the Trustee and his law firm have been paid $1,264,962,602.99 in fees and $19,322,420.01 in expenses.

Another of the Trustee's core arguments is equally spurious. The Trustee argues: "In each good faith avoidance action, the causes of action are identical, the defenses are identical, and the overall evidence is identical" (Letter at 1). This is untrue. The "overall evidence" is not "identical." Indeed, Judge Bernstein denied the Trustee's motion to substantively consolidate all of the clawback cases for trial because he recognized that he allowed discovery in some cases that he did not permit in other cases, so that the factual record in each case would not be identical. He explained:

> Depositions that have been taken, for example, I use the Madoff deposition, and you're going to tell me you invited people and I don't know what effect that has. But the Madoff deposition, whether it can be used in all cases, particularly those cases where discovery was run and people didn't have the right under the order to participate in it. There may be other discovery which was taken in an individual case. I don't know what that might be but -- I'm told Ms.

{00046591 3 }

**CHAITMAN LLP**

Hon. Jesse M. Furman, U.S.D.J.
May 13, 2021
Page 3

> [Collura] was deposed. Or Mr. Greenblatt was deposed a couple of times. I don't know what he or she said, but I don't know if you can use that in the other cases.

*See* Tr.7/25/18 at 72:10-21: ECF No. 17877.

Similarly, SIPC cites the 2d Circuit's decision in *Gettinger* but fails to disclose that the defendants in that action did not raise at all the issue this Court has determined should be tried. Indeed, the *RAR* trial will be the first time a jury has heard the evidence concerning the ownership of the bank accounts from which the clawback defendants were paid.

While the 2d Circuit's rulings on the law bind this Court, what is involved here is a factual issue that the 2d Circuit has never had the opportunity to consider. At trial, RAR will elicit testimony that is not incorporated into the JABA record on appeal.

Finally, we dispute the Trustee's contention that his experts have relevant information on whether "the transfer was an interest of the debtor in property." [Sic]. Neither of the Trustee's experts undertook to render an opinion on the ownership of bank accounts or the use of trade names and neither of them has the expertise to do so. For example, at the *Nelson* trial the following ensued during the testimony of the Trustee's expert, Mr. Dubinsky

> Q. And do you see that even as far back as December 1996, he was using Bernard L. Madoff Investment Securities?
> A. I see that, yes.
> Q. So that was really just a trade name that he used, right?
> MR. HUNT [counsel for the Trustee]: Objection, Your Honor. This witness is not qualified to talk about trade names, corporate structure.

Tr. 5/8/19 at 172:14-22. See Ex. A. Similarly, Ms. Collura testified that she did not understand the difference between a trade name and a limited liability company and she never perceived any significance as to whether a document referred to the LLC or just referred to the trade name that Madoff used for three decades before the LLC was formed, "Bernard L. Madoff Investment Securities." Tr. 5/9/19 at 24:1-15. See Ex. B. RAR will make a formal motion to exclude these experts' testimony at the proper time.

For all of these reasons, the request for a stay should be denied and the trial should begin on July 19, 2021.

Yours respectfully,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb
Encl.

cc:   All Counsel of Record