```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In re: BERNARD L. MADOFF INVESTMENT                               :
SECURITIES LLC,                                                   :
                                                                  :   20-CV-1029 (JMF)
                    Debtor.                                       :
                                                                  :   ORDER
------------------------------------------------------------------:
                                                                  :
IRVING H. PICARD, Trustee for the Liquidation of                  :
Bernard L. Madoff Investment Securities LLC, and                  :
Bernard L. Madoff,                                                :
                                                                  :
                    Plaintiff,                                    :
                                                                  :
         -v-                                                      :
                                                                  :
RAR ENTREPRENEURIAL FUND, LTD.,                                   :
                                                                  :
                    Defendant.                                    :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In an effort to narrow the issues to be discussed at Thursday's oral argument on the pending motions *in limine*, the Court rules on some of the pending motions as follows.

**Defendant's Motions *in Limine***

1. Defendant's motion to bar Plaintiff from offering the expert testimony of Mr. Dubinsky and Ms. Collura is DENIED substantially for the reasons set forth in Plaintiff's memorandum of law, **except that the Court reserves judgment on Defendant's contention that the testimony is "precluded" in part by the Court's summary judgment opinion**, *compare* ECF No. 66 ("Def.'s MIL Mem."), at 10-11, *with* ECF No. 76 ("Pl.'s MIL Opp'n"), at 6-12.

2. Defendant's motion to preclude admission of Mr. Madoff's Form BD is DENIED substantially for the reasons set forth in Plaintiff's memorandum of law, **except that the Court reserves judgment on Defendant's contention that the form (or, more precisely, the statements of Peter or Bernard Madoff on the form) constitute inadmissible hearsay**, *compare* Def.'s MIL Mem. 14-16, *with* Pl.'s MIL Opp'n 14-15.

3. **The Court reserves judgment on Defendant's motion to strike the 2017 JPMC Custodian Declarations. Defendant should be prepared to address whether it has any objection to admission of the underlying records as business records, in which case the motion would be moot as Plaintiff represents that he does not intend to offer the certifications themselves in those circumstances.**

4. Defendant's motion to bar Plaintiff from referring to the amount of Defendant's excess withdrawals is DENIED substantially for the reasons set forth in Plaintiff's memorandum of law (subject to particularized objections at trial).

5. Defendant's motion to preclude Plaintiff from referring to Defendant's partners or offering evidence of their financial condition is DENIED substantially for the reasons set forth in Plaintiff's memorandum of law.  More specifically, the motion is denied as moot with respect to evidence of financial condition, based on Plaintiff's representation that he "has no intention to offer evidence regarding the financial condition of the partners of Defendant at trial," Pl.'s MIL Opp'n 23, and denied on the merits as to the names of Defendant's partners (subject to particularized objections at trial).

**Plaintiff's Motions *in Limine***

1. **The Court reserves judgment on Plaintiff's first motion *in limine*, to admit the plea allocutions of Bernard L. Madoff and Frank Dipascali, Jr.  Plaintiff should be prepared to address what portion or portions of the allocutions he proposes to offer, and counsel should be prepared to address not only the relevance of such portions to the issue in dispute, but also whether the portions "prove[d] any fact essential to the judgment[s]." Fed. R. Evid. 803(22).**

2. **The Court reserves judgment on Plaintiff's second motion *in limine*, to exclude the testimony of Rebeca Fong and certain exhibits allegedly not disclosed during discovery. *See* ECF No. 70 ("Pl.'s MIL Mem."), at 7-11.**

3. Plaintiff's motion to exclude the Trustee as a witness is GRANTED substantially for the reasons set forth on pages 12 to 15 of Plaintiff's memorandum of law.  *See* Pl.'s MIL Mem.

4. Plaintiff's motion to exclude Steve Maslow as an *expert* witness is GRANTED as unopposed and his motion to exclude Mr. Maslow as a *fact* witness is GRANTED substantially for the reasons set forth in Plaintiff's memorandum of law.  In particular, given the dates of Mr. Maslow's dealings with Mr. Madoff, the testimony is irrelevant to any issue still in dispute; to the extent the testimony is relevant, its probative value is substantially outweighed by the danger of jury confusion and waste of time.  *See* Fed. R. Evid. 401-403.

5. **The Court reserves judgment on Plaintiff's fifth motion *in limine*, to exclude the testimony of Joann Crupi, certain BLMIS traders, and Russell Oasis.  *See* Pl.'s MIL Mem. 21-25.**

6. Plaintiff's motion to exclude all evidence and references to the fees paid to the Trustee and his counsel is GRANTED substantially for the reasons set forth in Plaintiff's memorandum of law.

7. Plaintiff's motion to exclude "all evidence and references relating to Defendant's false allegation of perjured testimony by" Mr. Dubinsky, *see* Pl.'s MIL Mem. 28-29, is DENIED without prejudice to particularized objections at trial.

8. **The Court reserves judgment on Plaintiff's eighth motion *in limine*, to exclude the deposition testimony of Bernard Madoff.  *See* Pl.'s MIL Mem. 29-34.**

In light of the foregoing rulings, counsel should be prepared to address the issues that remain open (namely, those that are bolded in the list above).

SO ORDERED.

Dated: July 6, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge