# CHAITMAN LLP
### 465 PARK AVENUE
### NEW YORK, NY 10022
### (888) 759-1114
TELEPHONE & FAX

*HELEN DAVIS CHAITMAN*
hchaitman@chaitmanllp.com

July 21, 2021

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re:  *Picard v. RAR Entrepreneurial Fund, Ltd.*
           Civil Action No. 1:20-cv-01029 (JMF)

Dear Judge Furman:

    Pursuant to your individual rules of practice 2E and 3A, Defendant respectfully submits this letter motion seeking leave to take a deposition *de bene esse* of Mr. Ned Zachar, a former trader at Bernard L. Madoff Investment Securities LLC.

    As the Court may remember, in the course of the argument on the *in limine* motions, I explained that Mr. Zachar, whom we have subpoenaed to testify at trial, would testify that Madoff told him, when he interviewed for a job with the LLC, that there was an investment advisory business but it was not part of the LLC, it was a totally separate business. While Mr. Zachar was available to testify the week of July 20, 2021, with the adjournment of the trial *sine die*, there is no assurance he will be able to testify on the new date once it is set. We therefore sought leave to take a deposition *de bene esse* to preserve his testimony in case he is unavailable for the trial so that we would not have to seek a delay of the trial to accommodate his schedule.

    In accordance with the Court's direction, we conferred with Mr. Song to see if we could reach an agreement on the deposition. Mr. Song advised that, unless we agreed to take the deposition on the condition that Mr. Zachar would **not** be called as a live witness at trial, he would not agree to our taking the deposition. See Exhibit A.

    Mr. Zachar is a key witness for Defendant and his live testimony is preferable to a deposition. We suggested the deposition only as an assurance that we would not have to disrupt the trial schedule, if he is unavailable. We have no intention of foregoing Mr. Zachar's appearance as a live witness if he is available at a time when everyone else is available.

    As noted, we have met and conferred with Mr. Song but have been unable to resolve this matter without Court intervention. Accordingly, Defendant respectfully requests leave to take a deposition *de bene esse* of Mr. Zachar, to be used only if Mr. Zachar is unable to testify at trial.

**CHAITMAN LLP**

Hon. Jesse M. Furman, U.S.D.J.  
July 21, 2021  
Page 2

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Helen Davis Chaitman*

Helen Davis Chaitman

HDC:leb  
Encls.

cc:   All Counsel of Record (*Via ECF*)

---

Application DENIED, substantially for the reasons stated in Plaintiff's response. Put simply, given that Defendant already took a deposition of Mr. Zachar, speculation that he may be unavailable on whatever dates the Court sets for trial is not a basis to take another deposition. If, when the Court sets a trial date, counsel confirms that Mr. Zachar cannot appear, Defendant may renew the application. The Clerk of Court is directed to terminate ECF No. 97.

SO ORDERED.

*[signature]*

July 28, 2021

{00047027 1 }