```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
In re: BERNARD L. MADOFF INVESTMENT                               :
SECURITIES LLC,                                                   :
                                                                  :       20-CV-1029 (JMF)
                                          Debtor.                 :
                                                                  :            ORDER
                                                                  :
------------------------------------------------------------------ :
                                                                  :
IRVING H. PICARD, Trustee for the Liquidation of                  :
Bernard L. Madoff Investment Securities LLC, and                  :
Bernard L. Madoff,                                                :
                                                                  :
                                          Plaintiff,              :
                                                                  :
                    -v-                                           :
                                                                  :
RAR ENTREPRENEURIAL FUND, LTD.,                                   :
                                                                  :
                                          Defendant.              :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

The Final Pretrial Conference scheduled for tomorrow at 12:45 p.m. **and** the trial scheduled to begin on Thursday will be held in **Courtroom 318** of the **Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY**. At the Final Pretrial Conference, the parties should be prepared to address the following issues.

First, the following is a brief description of the case that the Court proposes to use during jury selection:

> This is a civil case. It arises out of the Ponzi or fraud scheme that was operated by the late Bernard L. Madoff. As some of you may know, the essence of the scheme was that Mr. Madoff collected money from investors and promised to invest it in the market; unbeknownst to many of his investors, however, Mr. Madoff never actually invested these funds. Instead, he used incoming funds from new and existing investors to pay back principal and what he claimed were profits, creating the false impression of profitable trades that never actually occurred. Mr. Madoff's Ponzi scheme was run out of his investment advisory business. At the same time that Mr. Madoff operated his Ponzi scheme, he and other members of his family also operated legitimate proprietary

> trading and market making businesses.
>
> Mr. Madoff ran his businesses, including the Ponzi scheme, through a sole proprietorship until January 1, 2001, when he established a limited liability company or "LLC." In 2008, the Ponzi scheme was discovered and Mr. Madoff was arrested. After he was arrested, his LLC was placed into bankruptcy under a statute called the Securities Investor Protection Act or "SIPA." Irving H. Picard, the Plaintiff in this case, was appointed as the SIPA Trustee for Mr. Madoff's LLC. Under SIPA, Mr. Picard is authorized to recover certain money paid out by the LLC. Any money recovered will be used to pay debts owed by the LLC, including to Madoff's customers who lost their principal investments.
>
> The Defendant in this case, RAR Entrepreneurial Fund or "RAR," was a customer of Mr. Madoff's that, when the Ponzi scheme collapsed in 2008, had received more money from Mr. Madoff than it had invested. Although RAR did not know it at the time, the money RAR obtained came from other customers' investments with Mr. Madoff, not legitimate profits from securities trading. In this case, Mr. Picard seeks to recover $12,800,065 in money that was transferred to RAR from Mr. Madoff. I have already decided, as a matter of law, that Mr. Picard has proved two elements of his claim to recover the money. That leaves only one question, to be decided by the jury selected in this case: whether the money transferred to RAR was "an interest of the debtor" — namely, Mr. Madoff's LLC. In other words, the sole issue before you is whether the money transferred to RAR came from Mr. Madoff's LLC.

At the conference, the parties should be prepared to raise any objections or make any suggestions to amend this description of the case.

Second, and relatedly, in the Joint Pretrial Statement, Plaintiff lists as an issue to be tried to the jury whether "the money in the JPMorgan Chase Bank, N.A. bank accounts #xxxxx1703 (the "703 Account") and #xxxxxxxxx1509 (the "509 Account") [was] customer property, as that term is defined by SIPA § 78lll(4) and therefore recoverable by the Trustee?" ECF No. 68, at 11. Plaintiff's proposed jury instructions and verdict form also address this issue. *See* ECF No. 68-1, at 67; ECF No. 68-2, at 3. The Court is inclined to believe that, to the extent that this issue was not already decided by the Court on summary judgment, *see Picard v. RAR Entrepreneurial Fund, Ltd.*, No. 20-CV-1029 (JMF), 2021 WL 827195, at *11 (S.D.N.Y. Mar. 3, 2021) (ECF No. 43), it is a legal issue for the Court, not a factual issue to be decided by a jury. *See also* ECF No. 68, at 7 n.3 ("The Trustee respectfully contends that the Court wrongly decided that the transfers at issue are not customer property *as a matter of law*." (emphasis added)). The parties should

also be prepared to address this issue (including whether, even if the issue is primarily an issue of law, there are any disputed facts that should be decided by the jury in connection with it).

Third, Defendant sought, and was granted, leave to file an amended exhibit list on September 30, 2021. *See* ECF Nos. 108, 109. The Court has received Defendant's revised exhibits, but not the amended list itself. Defendant shall file an amended list on the docket prior to the conference.

SO ORDERED.

Dated: February 28, 2022
      New York, New York

                                     JESSE M. FURMAN
                                   United States District Judge