UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
   :
In re: BERNARD L. MADOFF INVESTMENT   :
SECURITIES LLC,   :
   :   20-CV-1029 (JMF)
                             Debtor.   :
   :   MEMORANDUM OPINION
-----------------------------------------------------------------   :   AND ORDER
   :
IRVING H. PICARD, *Trustee for the Liquidation of*   :
*Bernard L. Madoff Investment Securities LLC, and*   :
*Bernard L. Madoff*,   :
   :
                             Plaintiff,   :
   :
         -v-   :
   :
RAR ENTREPRENEURIAL FUND, LTD.,   :
   :
                             Defendant.   :
   :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant RAR Entrepreneurial Fund, Ltd. has filed a motion seeking judgment as a matter of law or, in the alternative, a new trial. *See* ECF No. 154; *see also* ECF No. 155 ("Def.'s Mem."). The motion is DENIED as meritless, if not frivolous. Indeed, the Second Circuit's decision in *Picard v. JABA Associates LP*, 49 F.4th 170, 175 (2d Cir. 2022), all but compels the conclusion that the Trustee should have been granted judgment in this case even without a trial. It is true that the "summary judgment record" in *JABA Associates* (and this case) was "markedly different from the trial record before this Court in this case." Def.'s Mem. 7. But the differences do not save RAR; they bury it. As the Court noted when reserving judgment on the Trustee's motion for judgment as a matter of law at the close of evidence, the evidence at trial — which

(inexplicably) included many damning documents that the Trustee had failed to present on summary judgment — was "simply overwhelming." Tr. 299-300. It included scores of documents — including the original and amended Form BD (TX 49 and 51), the Form ADV (DX 9), the LLC's operating agreements (TX 12 and 13), communications to regulators and other third parties (TX 58, 62), and trade confirmations (TX 71) — that demonstrate, without doubt, that all of the assets of the sole proprietorship were transferred to the LLC as of January 1, 2001. In short, RAR's motion is wholly without merit and thus DENIED.

RAR is obviously free to appeal from the judgment in this case, but — in the Court's view — it may well be time (if not past time) to give up the ghost. RAR's counsel has single-handedly litigated the issue in this case over and over again and has lost every time, on summary judgment (in *JABA Associates*, *Picard v. Lisa Beth Nissenbaum Trust*, No. 20 CV. 3140 (JGK), 2021 WL 1141638 (S.D.N.Y. Mar. 24, 2021), and *In re Bernard L. Madoff Inv. Sec. LLC*, No. 1:21-CV-02334-CM, 2022 WL 493734 (S.D.N.Y. Feb. 17, 2022)), after bench trials (in *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC* (*In re Madoff*) ("*Nelson*"), 610 B.R. 197 (Bankr. S.D.N.Y. 2019)), and after jury trials (here). Continuing to press an argument that has been rejected so many times and so definitively is certainly a waste of resources. At some point, it also becomes an abuse of the judicial process.

    SO ORDERED.

Dated: October 24, 2022
       New York, New York

                                          JESSE M. FURMAN
                                         United States District Judge